Good morning, Your Honors. Robert Aronson on behalf of the Chapter 7 Trustee, Sam Leslie. I would like to reserve a few minutes at the end, perhaps five minutes, if I may. As counsel for the trustee, we have only one interest in this case, and that is to get the creditors paid. By contrast, the debtor, his family, his medical corporation, his office manager have engaged in a fraudulent scheme to defraud creditors, both old and new alike. They've gotten away with this for 20 years. The story of this scheme is set forth in my brief. I'm not going to repeat all the facts here. The important thing to note, however, is that the appellees don't really challenge this scheme in any way, shape, or form. Now, I believe that there are three questions before this Court. Two of them are questions of law, which would be subject to de novo review, and the third question is for clear error. The first question is, did the lower courts err as a matter of law regarding the trustee's duty to give notice in this case? Our contention is that they did. The second question is, did the lower courts err as a matter of law by failing to consider the first test under Bonham for substantive consolidation, in other words, whether the debtor and the consolidated entities acted as a single economic unit? The third question was, did the lower courts err as a matter of law regarding the trustee's duty to give notice in this case? bankruptcy now and with respect to the notice point, can notice still be given? Notice can still be given. For example, if substantive consolidation is granted at this point, what would happen is the new debtors would come in, the appellees. The bankruptcy court would then give notice to all creditors, and hopefully at that point the appellees would identify who their creditors are, if there are any additional ones, which we doubt. And at that point, the court would give notice to all such creditors, who would then be able to participate in any distribution of assets, and the distribution of assets would result from substantive consolidation, and all creditors would be able to participate in that distribution, unlike the situation that we have now, where there is no distribution. And I'll get to that in just a second, but again, the important point, I think, to keep in mind in this case, if substantive consolidation is granted, there will be a distribution. If it is denied, no creditors will receive anything. That's the plain and simple truth of this case. Now, the How many times did you amend your petition below? Your Honor, it wasn't a petition. It was a motion for substantive consolidation, and it resulted in a trial on that basis. So there was no real amendment of the motion itself. It was just one motion. All right. Now, our contention is that this second test under Bonham, that of single economic unit, was not even addressed by the lower court below, although evidence was provided on that issue. And the third contention, I think, is that the lower courts committed clear error on the other test for substantive consolidation, which is whether the affairs of the debtor and the appellees here were so entangled that substantive consolidation should be granted. Now, I think that the question of whether the trustee gave adequate notice is really central to this case, because the lower courts essentially denied substantive consolidation on this basis primarily. I won't say alone, but primarily. The appellees also come into this court and argue that lack of notice is also a reason to deny substantive consolidation. So within the question of whether the trustee gave adequate notice of the substantive consolidation motion are some other questions. And those questions are, did the trustee comply with his duty to investigate and notify the appellees' creditors? And also, whose burden really is it to show that all creditors have been noticed or notified? Now, here the evidence shows that the trustee did do due diligence with respect to who the creditors of the appellees are. And we noticed the motion accordingly. The appellees now come into this court and they say that not all creditors of the – not all of their creditors were noticed. And yet, they come in here, and this was true at the trial court level and the bankruptcy appellate panel level, without naming one single creditor who didn't receive notice. Moreover, they have not made any argument as to what such a creditor, if they even exist, what prejudice they would suffer as a result of substantive consolidation. Remember, again, that this is a – Is it your position that there are no creditors? Because, I mean, you started by saying that either the creditors will get nothing if there is no consolidation, or they'll get paid. So there must be some. There are, Your Honor. First of all, there are the debtors' own creditors. There's about – there's a substantial amount of those. The proofs of claim in the bankruptcy are now at roughly $2.5 million. So there are the debtors' creditors. Some of those creditors are also creditors of the consolidated – to be consolidated entities. For example, there are two judgment creditors who also have judgments against the wife, Susan, as well as the medical court. So they'll get paid, at least on some kind of a basis, if substantive consolidation is granted. So we have a creditor body right now. But is it your position that the non-debtor parties that you're attempting to consolidate have no other creditors besides those that are jointly or additionally creditors of the debtor? Excellent question, Your Honor. So this is – It's kind of a yes or no question. The evidence that we have is that there are no such creditors, because the appellees have never offered even one such creditor in any of their briefing. So we believe that, based on our due diligence, we found them all. And since the appellees, who certainly must know who their creditors are, have failed to provide the names of any creditors that didn't receive notice. So as such, we believe that we've carried our burden in showing that we've noticed all appropriate parties in this case. Now, if it turns out that there are some additional creditors that they finally do identify, they can be noticed once substantive consolidation is granted. But at this point, they have not identified anybody that we have not provided notice to. So, yes, our position is we know of no other creditors. That there are no such – That there are no such creditors. And so that – if there's an error, sort of fundamental error, in what the BAP did, it's that, which it seems to me to be a factual question potentially also. Your Honor, I believe it's probably a mixed question of law, in fact, for which de novo review would be appropriate. That's a – Why – where's the question of law involved in whether there are any other creditors? Either there are or there are not. If there are, what you do about giving them notice is a question of law. But the existence or nonexistence of additional creditors seems to me essentially a factual question. You either owe Macy's or you don't. Well, if it is just a question of fact, I would submit that there is no evidence of additional creditors here.  And as such – Well, but that was the problem. I'm sorry. Well, it depends on who has the burden to demonstrate it. Because the BAP clearly placed that on you, your client, by saying that the trustee has not identified the creditors, and so we assume that there are some out there somewhere, and so we can't tell if it's fair to them because we don't know who they are. So it may be a legal question as to who has the burden to demonstrate that there is a creditor out there who is being unfairly treated. I would agree with that, Your Honor. And, you know, the BAP's assumption is an error in and of itself. How can one assume that there are additional creditors if there's no evidence of any additional creditors? Well, did you put – was there any evidence that you looked for creditors? Yes. We had due diligence as to whether there were additional creditors here. We had an expert involved in presenting our case, CBIZ Valuation Company. They did LexisNexis searches. It's part of the record. It's part of the Declaration of Linda Lee in this case. So we did our due diligence. We couldn't find anybody else. And therefore, on that basis, we would assume, or based on our due diligence, there were no additional creditors. And thus, the lower courts erred, I believe, if you want to call it a question of law, a question of fact. Either one, I believe it's a question of law that the burden was not specifically set forth in the BAP decision nor the trial court. Now, here's a separate question. Let's assume for the sake of this next question that we agree with you, that the BAP's reason, the notice reason, is incorrect for one reason or another. The BAP declined to reach, it seemed to me, they didn't totally decline to reach it. But what should we do about the alternative issue or the additional issue of entanglement as to whether a forensic accountant could pull things apart or whether consolidation is appropriate otherwise? Your Honor, that's one of the two tests. And our contention is that the lower court clearly erred in terms of the interpretation of the evidence and that entanglement should have been found. Right, right. But that's what I'm trying to say. The bankruptcy court. The bankruptcy court. Okay. So we should just. So in your view, we wouldn't send it back to the BAP. We'd just go forward if we agreed with you on notice. Correct, Your Honor. We have one other contention as well, and that is that the lower court, the trial analysis on the other. No, no, I understand that. I guess what I'm asking is whether we ignore the failure of the BAP to reach these additional matters and just reach them if we agreed with you on the notice or whether we ask the BAP to go back and look at that. I don't think it would be the BAP. It would most likely be the trial court, I believe. But if there's a question of fact. But I leave that up to Your Honor. We contend that as a matter of law, both lower courts erred and that reversal is appropriate and an analysis should be done on a de novo basis. Your experts attempt to disentangle or determine what assets existed and what had been transferred to whom and so forth. Was there a timeliness question about that? Was some of that information old? A lot of it is older and makes it more difficult. Again, this is a 20-year scheme to remove assets from the reach of creditors, starting with a 1998 transfer of a very valuable house that's still in the name of the office manager. It also involves putting the corporation's bank account in the name of the office manager for 10 years, from 2003 to 2013. Our expert testified that it was basically impossible or it would cost so much that it would make substantive consolidation impossible or not worthwhile. And that was his testimony before the trial court. And Your Honor, I'd like to reserve. I've got three minutes here left over. You may. Thank you. Good morning, Your Honors. And may it please the Court. My name is David Golubchik. With me is J.P. Fritz of Levine Neal Bender U.N. Brill on behalf of the appellees. Judge Watson, you asked initially how many times there was an amendment. And I suspect you were referring to the fraudulent conveyance actions that failed, which resulted in the substantive consolidation. There were three amendments, a total of four complaints. At the end of the day, Judge Russell said enough is enough. And the actions were dismissed with prejudice. Only after they were dismissed with prejudice, that's when the substantive consolidation was brought. All the arguments in the substantive consolidation motion and the oral arguments in the brief focus on fraudulent transfer. We have cited plenty of authority that substantive consolidation is an extreme remedy. It is not intended to substitute fraudulent conveyance cause of action, which happened over here. Well, but they're not mutually exclusive either. There's no law that says that just because there's a fraudulent conveyance, one cannot consolidate. You're correct. However, it is a very extreme result, requires proper showing, which lacks over here. As Judge Russell stated, I was surprised that you filed a motion, which under our local rules in the central district, requires to be supported by evidence. And only after filing a motion, you chose to conduct discovery. Is it correct that your client identified no additional specific creditors of the non-debtor parties? In opposition to the motion for substantive consolidation, my client in the declaration stated that there were additional creditors. That there were? There were. That there were additional. But specific creditors were not identified because this is the burden of the moving party. In fact, there was a discussion before Judge Russell. But if his evidence was that there were no additional creditors, and your evidence was that there were, then how can this go forward with an assumption on the part of the BAP that one declaration is better than another? Very simple, Your Honor. There are five or six parties involved as the target entities over here, besides the debtor. If you look at the record of the trial court before Judge Russell, Judge Russell asked, did you conduct this analysis with respect to, for example, Bertomian? And the answer is no. I do not know who the creditors were. I'm talking about the record as opposed to argument in the brief. At a minimum, the Trustees Council identified Bank of America. That was a specific instance as a creditor that was not noticed. With respect to Susan Chebanian, they referred to a deposition that was back in 2012 or 2013, where there really weren't any inquiries about creditors, as opposed to an action happening years and years later. And even with respect to Susan Chebanian, the discussion was that there were two governmental entities. I know we missed notice. With respect to the two sons, one son is autistic, so he cannot have creditors. With respect to the other son, he was doing business through his mother, so he cannot have, and his two companies failed, so he cannot have creditors. Is that because there's a guardianship for him? Well, the parents are the guardians for one of the sons. And that's part of the discussion, if you recall in the brief, there's a discussion about community property, why the family still stays together, and the father, who's here in the courtroom, comes, visits his son every day. He requires daily care. But I don't think that the trustee is really focusing community property. In fact, at the trial court level, the trustee said, let's forget about community property deal as to other issues. What's important here, Your Honors, is last year, the Lake Ridge case came down from the Supreme Court, which found that when you have a mixed issue of law and fact, but it's primarily a factual discussion, it's clearly erroneous. As opposed to Bonham, back then, discussed law, de novo, fact, clearly erroneous. Here, it's all factual. Substance Problems and Solidation is purely factual, how they conducted themselves, how the creditors viewed them. In fact, the first prong that Appellant's Counsel just mentioned really wasn't even discussed. It was touched on that they were a single economic unit. The issue has to do with fraudulent conveyance and entanglement. Keep in mind, these are two doctors. And Judge Russell said, you have medical practitioners. You have insurance payments. Did you conduct discovery, or can you conduct discovery? They didn't do that. There was discussion about a computer that the debtor had that had the accounting records. And the question was, did you try to obtain it through discovery? I think the trustee's position, I did, but I didn't get it. And Judge Russell said, so why didn't you come to me with some sort of motion to compel? And the discussion on the record was, could have, should have, would have, but we did not. So they had the opportunity to do so. And we focused on the evidence. The evidence of the moving party was lacking. That's what Judge Russell found. And based on the clearly erroneous standard, you have to find that he made a serious mistake. There's no way you can fathom that his conclusions were appropriate. And I don't think that's the case based on the 114-page transcript, based on everything that happened in the underlying court. There was also discussion, I don't know if the Court wants to discuss some of the other arguments, but procedurally, as the BAP found, if we can affirm on one basis that a sufficient of absent lack of notice, the underlying record before the trial court is there was lack of notice and there was no due diligence. It was only assumptions. Well, what I'm not quite understanding is if we were to agree with you and say there was no notice, what happens now? Does it go back and they can start again? No. A substance consolidation motion is like a lawsuit, because in bankruptcy you can either bring an adversary or you can bring a motion, which under Rule 90.14 is viewed as a contested value. And they can't bring it again? Is this the end of it? If we decide it on notice, then that's it? Well, theoretically, that could be a motion for reconsideration under 59 or 60. I think that time may have passed. But it can be brought back to Judge Russell. How? Wouldn't it just be dead? I think it's dead. But theoretically, if you can show, I think under Rule 60, it's outside of a year. If you can show whether it was serious. Is it a year? I think so. Okay, then it's dead. I don't think it can be brought. But the other issue here, Your Honor, is appellant's counsel says if we get a substance consolidation, creditors will be paid. If we don't, they will not be paid. He's focusing on his clients. This is the same counsel that represented the judgment creditor that was pursuing the debtor for a long time. And now the estate. We have five other, let's call them estates, people, companies. The analysis that's required is how will those creditors be affected? And to me, what doesn't make sense is if you consolidate them together, then by definition, you take assets that they would have for their debts and bring them into this estate, which in my mind means they'll actually have less money available to them. But there's no analysis how other creditors, yes, debtors' estate will benefit because outside money, outside assets will be brought in. But the analysis that's required is how will the other creditors be affected? There's no such analysis. And if you do the analysis, I can't see how likely. Because we don't know who the other creditors are. I mean, it sort of folds in on itself at some point. Exactly. And trustees' counsel talks about the Bonham case and said we did exactly what they did in Bonham. The situation is very different. In Bonham, there were 600 lawsuits against investors with respect to three related entities. There were creditors of all of the entities. So when the trustees served the notice, it went out to everyone. That's why it wasn't even an issue. Over here, the notice didn't go out to the creditors of the entities. It went to the targets, to that police. So there was no notice to all the parties. Basic due process seems to suggest if you're going to take something away from me, I should know about it. And there should be some notice. No notice was provided here. And I think even without getting to the substantive issues, which are subject to the clearly erroneous, based on lack of notice, which is a very important issue, the underlying judgment can be affirmed. Unless there's anything else, I'll sit down. I don't believe there are any other questions. Thank you. Thank you. Mr. Aronson, you have some rebuttal time remaining. Yes, Your Honors. I think I've got three minutes here. So very quickly, I still haven't heard the name of any definitive creditor that was not noticed in this case. And we have a lot hanging on this. Mr. Golubchik is absolutely correct. If we lose here, that's the end of the road. Creditors will get nothing. And that is something that is absolutely true. Well, here's sort of a procedural question. Once there's a declaration, which I assume was correctly represented, that at least one of these other non-debtor parties said, I do have other creditors, would you have had an opportunity to depose and find out who are those creditors and what amount do you owe them and let me see the documents? Was that a possibility that was open procedurally? No. Why? Because Judge Russell, in this case, limited discovery simply to the declarations that were in support of their opposition to substantive consolidation. And in that instance, those declarations only contained information about how the debtor's practice was somehow separate from his wife's practice. It was limited to those issues. So we could only take discovery on those issues, which we did do. But the issue of additional creditors was closed at that point. We had already done our due diligence. Did you ask for that to be specifically reopened or to motion to make more definite and certain, which we used to file, to figure out who are these creditors? Who are the additional creditors? Right. At that point, no, we did not, but we had relied on our own due diligence here. And the fact that they refused to identify any additional creditors, notwithstanding the fact that they had every opportunity to do so and have had every opportunity to do so throughout the appellate process, confirms the fact that our ‑‑ confirms our belief that there are no additional creditors. They're arguing a paper tiger here, Your Honor. There are no additional creditors. If there were, why haven't they identified them before this Court? And what notice have we not given to creditors otherwise? I mean, the basic facts and the scheme to defraud remain uncontested. The basic fact that creditors will receive nothing from this estate is also uncontested. The notion here that the appellants care about their creditors is also another sort of false assumption here. The appellants care ‑‑ the appellees care about themselves. And who are the appellees? They're the recipients of fraudulent transfers here. And under those circumstances, there was a quote that I found from the Bonham case, which says, in short, the alleged harm is that fraudulent transfers of money will be recovered, the estates will be equitably administered, and the assets equitably distributed. That's exactly what we want to do here. We want to make things right. By paying creditors who are entitled to funds, on balancing the equities here, and this is an equitable decision to a certain extent, making sure that creditors are paid. And the recipients of fraudulent transfers, yes, they will be prejudiced to a certain extent. But as the Bonham Court indicated, that's not really a consideration here. On the balance of equities, substantive consolidation should be granted. Thank you, counsel. Thank you, Your Honor. The case just argued is submitted. We appreciate the arguments from both counsel.
judges: Schroeder, Graber, Watson